CASE 40—PETITION ORDINARY—SEPTEMBER 16.

# Engleman vs. Nat'l Bank of Lancaster, No. 1.

APPEAL FROM GARRARD CIRCUIT COURT.

On a motion for a continuance, and for time until the next term to prepare and file answer, the defendant's affidavit failed to disclose facts from which the court could know that any sufficient cause existed, either for continuing the action or extending the time for filing an answer; the motion to do so was properly overruled.

R. M. & W. O. BRADLEY,          For Appellant.

DUNLAP,          For Appellee.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellee, as assignee of Dunlap, brought this action in the Garrard circuit court, on the 1st day of February, 1867, against the appellants, Engleman and Yantis, and their co-obligor, Daniel, on two promissory notes— one of them for $2,815 78, and the other for $369 96.

The summons appears to have been executed on Yantis February 2, 1867; on Engleman February 4, 1867, and on Daniel February 11, 1867; and on the 27th day of said month the defendant, Engleman, upon his affidavit filed, moved the court to continue the cause, and give him further time to file an answer. The court overruled this motion, and rendered a judgment against the appellants, who seek its reversal in this court.

Whether or not the court erred in refusing to continue the action, and allow the defendants further time to answer, is the only question presented for our determination.

It is shown by the bill of exceptions that the affidavit was filed, and the motion made, upon the calling of the cause. It is to be presumed that the court did not call the case before the day on which it was set for trial, and the summons having then been served on the appellants at least ten days, they were required by *section* 135 *of the Civil Code* to file their defense.

It is provided, however, by the 140*th section of the Code,* that "the court may, for good cause shown, extend the time for filing an answer or reply to some subsequent day in that or the next succeeding term, the party applying for the same paying the costs occasioned thereby."

The affidavit of Engleman, divested of statements which are either irrelevant to the question at issue, or too indefinite or general to be entitled to any weight, sets forth substantially that he had a good and valid defense to the entire amount of both of said notes; but that, owing to the fact that he had not had time, since the institution of the action, to make the necessary investigation of the matters pertaining to his defense, it had been out of his power to collect the facts upon which to base his defense in such a manner as to enable him to prepare his answer so that he could swear to it; but if allowed a continuance and time to make said investigation, he could, as he believed, be able to present a sufficient defense, and therefore made the motion, not for delay merely, but to obtain justice.

This affidavit does not even disclose the nature of the intended defense, whether usury, payment, set-off, or accord and satisfaction.

Whatever necessity may have existed for the examination of papers, or other investigation preparatory to the drafting of an answer, it is difficult to perceive how the affiant could know "that he had a good and valid

defense to the entire amount of both the notes sued on," and still be unable to state even an outline of the facts constituting such defense, from which the court could judge either of its sufficiency or the necessity of the delay asked for investigation.

Upon the question whether the court should, in the exercise of a sound and just discretion, have extended the time of filing the defense, and, as a consequence, postponed or continued the action, it seems to us the same reasons existed for requiring a disclosure of material facts necessarily within the knowledge of the party thus asking indulgence as have been held to exist upon an ordinary motion for a continuance on account of absent witnesses, or an application for a new trial because of surprise or newly-discovered evidence.

In the case of *Pickett vs. Ricket*, 2 *Bibb*, 179, involving a question as to the propriety of granting a new trial, this court said : " It was not sufficient to allege that their defense was just and honest; they ought to have stated the nature of their defense, that the court might have been enabled to determine whether it was just or otherwise ; and not having done so, the court acted correctly in refusing a new trial."

In this case the court was only authorized to extend the time for filing the answer " for good cause shown." It was for the court and not the defendant to judge as to what facts were sufficient to constitute good cause for extending the time.

We are therefore of the opinion, that as the appellants failed to disclose facts from which the court could know that any sufficient cause existed, either for continuing the action or extending the time for filing an answer, the motion to do so was properly overruled.

Wherefore, the judgment is affirmed.